IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

RAS JAHMIKES MATTA,

Plaintiff,

vs.

SGT. MILLER, et al.,

Defendants.

CV-21-130-BLG-SPW-TJC

ORDER
AND
FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

Plaintiff Ras Jahmikes Matta has filed a motion for preliminary injunction (Doc. 37) and motions for an early deposition and to preserve evidence (Docs. 46 and 49). The motions are fully briefed. The Court will recommend denial of the motion for a preliminary injunction, and will deny the other motions, as explained below.

## I. MOTION FOR A PRELIMINARY INJUNCTION

Matta seeks an injunction issued to Defendant Valdez that would prohibit Yellowstone County Detention Facility ("YCDF") from requiring certain inmates to wear different clothes than those in the main population.[1] (Doc. 37 at 2.) Matta

[1] Matta notified the Court that he has been moved from YCDF temporarily. (Doc. 52.) Usually, once an inmate has been moved from a facility, his request for injunctive relief is moot. However, Matta contends that he will be returned to YCDF shortly. For the purposes of consideration of Matta's motion, the Court will

identifies several what he calls vulnerable groups who are housed together and wear a particular striped top. He asserts that marking these groups with special clothing singles them out for abuse and serves "no true institutional purpose." (Doc. 37 at 9.) Matta construes the clothing requirement as a violation of the inmates' Eighth and Ninth Amendment rights. Matta's motion is accompanied by a petition signed by 35 inmates subject to the striped shirt in YCDF. (Doc. 37-1.)

Jason Valdez, as Commander of YCDF, responds that the different uniforms serve a penological purpose, are not punishment, and therefore are a constitutionally sound practice. (Doc. 40 at 2.) Because Matta is unlikely to prevail on the merits of this claim, his motion for a preliminary injunction should be denied.

**A. Legal Standard for Issuing Preliminary Injunction**

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for an injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of*

---

assume Matta retains standing to pursue this claim. This assumption may change in the future.

*S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994). The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. *The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system*.

18 U.S.C. § 3626(a)(2) (emphasis added).

As sought here by Matta, a "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (citation and quotation marks omitted).

**1. Likelihood of Success on the Merits**

In determining whether Matta is likely to succeed on the merits, the Court must consider whether the policy regarding clothing serves a legitimate public purpose. Pretrial detainees have a substantive due process right against restrictions

that amount to punishment; this right is violated if a restriction is imposed for the "purpose of punishment." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1160 (9th Cir. 2003). A challenged condition of confinement does not constitute punishment if it serves a legitimate penological interest. *Bell v. Wolfish*, 441 U.S. 520, 535, 538 (1979); *see also Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (Eighth Amendment standards applied to review pretrial detainees' Fourteenth Amendment due process claim). It is Matta's burden to disprove the challenged prison regulation's validity, not the Defendant's burden to uphold that validity. *Overton v. Bazzetta,* 539 U.S. 126 (2003).

Jason Valdez's affidavit explains that the different uniforms are given to different units so that staff can easily determine if someone is where they are not supposed to be and what level of security they require. (Doc. 41 at 1 – 2.) Inmates in Matta's unit only interact with other inmates when they are going to court. *Id*. at 2. Prior to the change in uniforms, inmates that were not supposed to be on Matta's unit were occasionally there improperly, creating a safety risk for the inmates in Matta's unit. *Id*. at 2 – 3.

Matta denies that the policy serves a legitimate penological purpose and claims that it amounts to punishment due to the shame inmates feel in wearing the distinctive uniform, and in singling them out for abuse. (Doc. 48 at 2.) Matta

alleges that the harm produced by the policy is evident in the fact that he has already been assaulted in YCDF.

Matta's constitutional claims "arise[ ] from the due process clause of the fourteenth amendment and not from the eighth amendment prohibition against cruel and unusual punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see also Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987) ("[T]he more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted [of a crime.]"). "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary and purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees *qua* detainees." *Bell*, 441 U.S. at 539.

While officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *Bell*, 441 U.S. at 547, that deference is not due when "the record contains substantial evidence showing their policies are an unnecessary or unjustified response to problems of jail security." *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 323 (2012).

At this point, the Court cannot conclude that Matta is likely to prevail on the merits of his claim. He contends there is a factual dispute regarding the usefulness of the clothing policy, but that is a final determination on the merits of his claim that cannot be decided at this time. The Court's reasoned deference to the policy determination of the YCDF administration outweighs Matta's assertion that he is unconstitutionally punished by the uniform policy. "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters." *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018) (citing *Block v. Rutherford*, 468 U.S. 576, 584–85 (1984).) Matta has not carried his burden on this element.

**2. Likelihood of Irreparable Harm**

Matta also fails to carry his burden on this element. Though Matta's security concerns may be serious, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Matta has already allegedly suffered violence

due to his activities in YCDF, unrelated to his uniform. Changing his clothes may or may not have any impact on the likelihood that violence occurs again.

**3. The Balance of Equities/Public Interest**

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940 (9th Cir. 2020). Here, the public's interest in secure and safe incarceration weighs against any intervention by the Court in jail administration, without a much stronger factual case in favor of such intervention.

Based upon the record before it, the Court finds extraordinary relief is not warranted at this point. Matta has not met his burden of persuasion and has not demonstrated that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such an order, that the balance of equities tip in his favor, or that an injunction is in the public interest. See *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008).

**II. MATTA'S MOTIONS FOR EARLY DEPOSITION AND SUBPOENAS and MOTION FOR PRESERVATION OF EVIDENCE (DOCS. 46 AND 49.)**

Matta moved for depositions of certain witnesses and subpoenas duces tecum for certain items. (Doc. 46.) Matta also moves the Court for an order directing Defendants to preserve certain video and audio evidence. (Doc. 49.)

Both motions will be denied. L. R. 26.1(d) disallows discovery prior to the Court's issuance of a scheduling order. By a separate Order, the Court will enter its schedule concurrent with this Order. Matta has not persuaded the Court that circumstances exist that would require altering its usual practice.

Further, L.R. 26.3(c)(1) provides that:

> The court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voicemail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face-to-face meeting whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence.

L.R. 26.3(c)(1). Matta's motion does not state that he has attempted to communicate with defendants about any of these matters. Without such prior communication, the Court will not intervene.

Nevertheless, all parties are advised of the obligation to preserve evidence that may be responsive to any future discovery request. Specifically, Defendants are reminded of Fed. R. Civ. P. 37, which authorizes a court to sanction a party for losing or destroying electronically-stored information ("ESI") it had a duty to preserve. Thus, if ESI that "should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to

preserve it, […],” a court may take one of various responsive actions, including dismissal. Fed. R. Civ. P. 37(e).

Accordingly, the Court issues the following:

**RECOMMENDATION**

1. Matta's motion for a preliminary injunction should be DENIED. (Doc. 37.)

**ORDER**

1. Matta's motion for depositions and a subpoena (Doc. 46) and motion to preserve evidence (Doc. 49) are DENIED.

2. At all times during the pendency of this action, Matta must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 11th day of August, 2022.

*/s/ Timothy J. Cavan*____________
Timothy J. Cavan, Magistrate Judge
United States District Court