IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RAS JAHMIKES MATTA, | CV 21-130-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER |
| SGT. MILLER ET AL., | |
| Defendants. | |

Ras Jahmikes Matta has filed five motions in this matter and various other related documents. (Docs. 86, 93, 94, 96, and 98.) Defendants have responded, as appropriate. Therefore, the Court rules on the motions as follows.

**I. Motion for Sanctions (Doc. 86)**

This motion for sanctions is denied as moot, having been considered and denied by the Honorable Susan P. Watters in Matta's criminal case. *See U.S. v. Ras Jahmikes Matta*, CR 21-22-BLG-SPW (Doc. 182, November 21, 2022).

**II. Motion for Leave to File Third Amended Complaint (Doc. 93)**

On December 7, 2022, Matta filed a motion for leave to file his Third Amended Complaint. (Doc. 93.) He also filed a proposed amended complaint. (Doc. 92.) His motion is timely according to the most recent deadline for amendments. (Doc. 87.) He contends that the motion "captures all the various events that Matta has already brought to the record" in previous filings. (Doc. 93

at 1.)

Defendants oppose the motion to amend.  (Doc. 95.)  They assert that the motion may have been brought in bad faith, is the product of undue delay, causes prejudice to the defendants, includes futile claims, and is "neither complete nor concise."  (Doc. 95 at 2.)

A court should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The Court considers bad faith, undue delay, prejudice to the opposing party, futility of amendment and previous amendments, when deciding whether to grant a motion to amend.  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).  The most important factor is prejudice to the opposing party.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Amendments seeking to add claims are granted more freely than amendments seeking to add defendants. *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

The Court has considered these factors and concludes that Matta's motion to amend should be granted.  There is no evidence of bad faith, and the motion is timely.  Defendants will also not be unduly prejudiced by the amendment.  All new defendants, like the current defendants, are employees of Yellowstone County Detention Facility.  The current defendants will not be prejudiced, and after the

additional defendants have appeared, the Court will issue an amended scheduling order to allow the new defendants adequate time to conduct discovery and prepare their defenses. The Court will not conduct further screening at this point. Defendants may file motions to dismiss as appropriate.

In responding to Matta's complaint, however, defendants are only required to address the allegations of the body of the Third Amended Complaint (Doc. 92), and need not answer the voluminous exhibits attached to the complaint (Doc. 92-1).

### III.  Motion to Supplement (Doc. 94)

Matta has moved to supplement the record with a document that purports to establish his attempts to exhaust his available administrative procedures. Defendant states the "document is necessary to oppose summary judgment on a technicality for failure to exhaust." (Doc. 94.) There is no pending motion for summary judgment, and the document is entirely unnecessary at this point. The motion will denied.

### IV.  Second Motion for Sanctions (Doc. 96)

Matta has moved for Fed. R. Civ. P. 11 sanctions against Defendants' counsel Levi Robison, based on what Matta considers "blatantly […] false representations to the Court in an affidavit" signed by Defendant Jason Valdez, and Robison's alleged failure to verify the facts or make a reasonable inquiry before

submitting it.  (Doc. 96 at 1 – 2.)  The affidavit (Doc. 64) was filed in conjunction with the defendants' response to Matta's August 8, 2022 motion for a temporary restraining order.  (Doc. 58.)  The Honorable Susan P. Watters denied the motion as moot on October 3, 2022, because Matta was no longer at Yellowstone County Detention Facility.  (Doc.70.)

Matta's motion details the events around his motion for a temporary restraining order, related to his custody at YCDF in August 2022, and why the facts as proposed by Valdez are incorrect.  Matta also asserts that Valdez made false statements in conjunction with Matta's separate criminal proceedings.  (Doc. 96 at 5.)  Matta seeks sanctions against both Robison and Valdez.  *Id.*, at 6.

Defendants respond with three points: the statement was accurate; the statement was immaterial, since the Court denied the motion without making a factual determination; and Matta failed to serve his motion on Defendants prior to filing, as required by Fed. R. Civ. P. 11(c)(2).

Rule 11 imposes a duty on the party signing a pleading "to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990), superseded by statute on other grounds; Fed. R. Civ. P. 11(b).  The central purpose of the rule is to deter baseless filings.  *Cooter & Gell,* 496 U.S. at 393.

The Court concludes that sanctions are not proper.  The subject affidavit is perfunctory, setting forth fairly straightforward statements about Matta's status at YCDF, and that he was no longer at the facility at the time.  (Doc. 64 at 2.)  The contested statement is whether Matta declined placement in protective custody while at the facility.  *Id.*  From defendants' counsel's perspective, proper inquiry under the circumstances would be to ask the commander of the jail, Valdez himself, whether Matta had declined such protection.  The Court is not convinced that counsel had a duty beyond that inquiry to verify that fact, in the context of the main import of the affidavit, which was to point out that injunctive relief was not proper since Matta was no longer at YCDF.

Secondly, in order to impose sanctions, the Court would now have to make a factual determination that it never made in the first place, i.e., whether Matta refused protective custody.  The Court declines to do so.  Of course, if the document were perjured, Rule 11 sanctions could apply regardless of whether the Court had considered it, since the purpose of the rule is to dissuade the filing of such a document in the first place.  But two factors militate against determining the facts now only for the purpose of the motion.  First, Defendants are correct that Rule 11 motions must first be served on the suspect party to give them the opportunity of withdrawing any improper document.  Fed. R. Civ. P. 11(c)(2).  Matta did not do so.

Second, the Court would be inclined to accept Valdez's contention that his position is at least plausibly supported, as Valdez has responded by filing the documents to support his assertions.  In opposition, the Court has Matta's affidavit that covers a lot of irrelevant territory but does not convince the Court that Valdez's position is sanctionable.  (Doc. 96-1.)  Matta's reply further complicates the issue, delving into matters such as whether Robison and Valdez could conceivably have worked on the Sabbath.  (Doc. 102 at 4.)  In any event, at this point the Court declines to resolve a factual dispute on an issue that is irrelevant to the current matters before the Court.  The motion is denied.

### V.  Motion for Service (Doc. 98)

Matta has moved for service of his Third Amended Complaint on the new defendants identified there: Andrew Murray, Officer Parish, Sgt. Myrup, Officer Stull, Officer House, Officer Shorter, Sgt. Seibert, Lt. Metzger, and Yellowstone County.  The motion will be granted.  Counsel for Defendants is directed to advise the Court within fourteen days whether he will also be counsel for these additional defendants and whether he waives Rule 4 Service of Process on their behalf.

Accordingly, the Court orders the following:

1.  Matta's First Motion for Sanctions is DENIED as moot. (Doc. 86.)

2.  Matta's Motion for Leave to File Third Amended Complaint is GRANTED.  (Doc. 93.)

3. Matta's Motion to Supplement is DENIED.  (Doc. 94.)

4. Matta's Motion for Service is GRANTED.  (Doc. 98.)

5. Matta's Second Motion for Sanctions is DENIED.  (Doc. 96.)

6. At all times during this litigation, Matta must keep the Court and counsel apprised of any change of address.  Failure to do so may result in dismissal pursuant to Fed. R. Civ. P. 41.

DATED this 7th day of February, 2023.

_____
Timothy J. Cavan, Magistrate Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RAS JAHMIKES MATTA, | CV 21-130-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | RULE 4 REQUEST FOR WAIVER OF SERVICE OF SUMMONS |
| SGT. MILLER ET AL., | |
| Defendants. | |

TO:  Andrew Murray, Officer Parish, Sgt. Myrup, Officer Stull, Officer House, Officer Shorter, Sgt. Seibert, Lt. Metzger, and Yellowstone County

Levi Robison (via email)

A lawsuit has been filed against you or someone you represent in this Court under the number shown above.  A copy of the Third Amended Complaint (Doc. 92) is attached.  This is not a summons or an official notice from the Court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and Defendants will have 60 days from the date this notice is sent to answer the Complaint.  If you do not return the signed waiver within the time

indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this <u>7th</u> day of February, 2023.

<u>   /s/ Timothy J. Cavan              </u><br>
Timothy J. Cavan, Magistrate Judge<br>
United States District Court

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| RAS JAHMIKES MATTA, | CV 21-130-BLG-SPW-TJC |
|---|---|
| Plaintiff, | |
| vs. | RULE 4 WAIVER OF SERVICE OF SUMMONS |
| SGT. MILLER ET AL., | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendant(s) acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Third Amended Complaint (Doc. 92). I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

The above-named Defendant understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waives any objections to the absence of a summons or of service. Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to do so default judgment will be entered against him.

Date:  _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)